# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JERRY FRANKLIN JOHNSON,**

    Plaintiff,

v.                                    CIVIL ACTION NO.: 3:15-CV-53
                                              (GROH)

**DAVID PROCTOR, MD, and**
**WEXFORD HEALTH SOURCES, INC.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION IN PART

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. The magistrate judge issued his R&R [ECF No. 15] on November 17, 2015. In the R&R, the magistrate judge recommends that the Defendants' Motion to Dismiss [ECF No. 9] be granted and that the Plaintiff's Complaint [ECF No. 1], filed pursuant to 42 U.S.C. § 1983, be dismissed with prejudice for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court **ADOPTS IN PART** the magistrate judge's R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to the R&R were due within fourteen plus three days from November 17, 2015, the date the R&R was issued. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Plaintiff timely filed his objections on December 1, 2015. This matter is now ripe for review.

## I. Background

This civil action was initiated on May 5, 2015,[1] by way of a complaint filed pursuant to 42 U.S.C. § 1983.[2] In his complaint, the Plaintiff, by counsel, argued that the Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's proscription of cruel and unusual punishment.[3] The Plaintiff alleged that he

---

[1] The Plaintiff filed a similar suit against Defendant David Proctor and two other defendants on September 3, 2013. Civil Action No. 3:13-CV-100. On June 9, 2014, the Court granted the Plaintiff's motion for voluntary dismissal in that case. Shortly before that case was dismissed, on June 2, 2014, United States Magistrate Judge James E. Seibert issued a report and recommendation, recommending that this Court dismiss the Plaintiff's suit with prejudice.

[2] 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Fourteenth Amendment made the Eighth Amendment applicable to the states.

was injured at the Huttonsville Correctional Center in Huttonsville, West Virginia, on May 19, 2012, when he fell in the kitchen at the prison facility and suffered a laceration on his forehead and other injuries to his head and right shoulder. According to the Plaintiff, after his fall he was taken to the medical unit, where his head wound was treated with Steri-Strips. He was given Tylenol for his pain. The Plaintiff avers that Defendant David Proctor, an employee of Defendant Wexford Health Sources, Inc., was the doctor responsible for his care while at Huttonsville. On the date of the Plaintiff's fall, Proctor was not available to treat the Plaintiff, so a nurse applied the Steri-Strips and gave the Plaintiff the Tylenol.

The Plaintiff was seen by medical personnel again on April 12, 2013, at which time he requested to see a doctor. On April 19, 2013, the Plaintiff met with Proctor, who ordered that an x-ray be taken of the Plaintiff's shoulder. According to the averments in the Plaintiff's complaint, the x-ray "showed no bone abnormalities, no broken or cracked bones." The Plaintiff was given a shot in his right shoulder, but was not given any treatment, other than Tylenol, for his alleged head injuries. The Plaintiff contends that he made numerous medical visits and requests, in addition to those referenced above, during May, June and July of 2014. As alleged in the Plaintiff's complaint, Proctor "never responded to the Plaintiff's frequent complaints of head pains and request for treatment of the head pains." According to the Plaintiff, Proctor refused to respond to the Plaintiff's entreaties because Proctor was following "Wexford's polices of considering costs over treatment, and not responding to requests for treatment until after three visits by an inmate to medical."

Both Proctor and Wexford were sued "in their official capacities." Proctor, identified as "a physician employed by Wexford Health Sources, Inc., whose responsibilities at all

3

material times included providing medical care and treatment to inmates incarcerated at Huttonsville," was explicitly sued in "his official capacity." Likewise, Wexford, identified as a provider of "medical services at correctional centers in West Virginia under contract with the State of West Virginia," was sued "in its official capacity due to its policies regarding the treatment of inmates at Huttonsville."

As exhibits to his complaint, the Plaintiff filed a series of medical services requests which, apparently, were submitted to prison staff while the Plaintiff was seeking treatment from Proctor and Wexford for the injuries sustained during the Plaintiff's fall. Also filed as exhibits were grievance forms the Plaintiff submitted in exhausting his administrative remedies. Upon conducting a review of the record in this case, the undersigned determined that a docketing error resulted in the omission of the second page of the Plaintiff's seven-page complaint. After further investigation, the Clerk's Office located the missing page and re-docketed the Plaintiff's complaint on December 11, 2015. On that same date, the Clerk's Office uploaded two other pages that were erroneously excluded when the electronic versions of the Plaintiff's exhibits were docketed. The newly-uploaded pages are page two of the Plaintiff's complaint [ECF No. 1], page eight of the Plaintiff's medical services request exhibits [ECF No. 1-1] and page eleven of the Plaintiff's grievance form exhibits [ECF No. 1-2].

On June 30, 2015, the Defendants filed their motion to dismiss, together with a memorandum of law in support, in which they argued that the Plaintiff's complaint should be dismissed for several reasons. First, the Defendants asserted that the Plaintiff's complaint should be dismissed because his claims were barred by the applicable statute of limitations. Second, the Defendants argued that, because the Plaintiff sued Proctor and

Wexford in their "official capacities," the Defendants did not qualify as "persons" under the language of 42 U.S.C. § 1983, and therefore the Defendants could not be liable. Finally, the Defendants argued that the Plaintiff failed to allege facts sufficient to demonstrate a violation of the Eighth Amendment. Specifically, the Defendants contended that the facts alleged in support of the Plaintiff's deliberate indifference claim demonstrated nothing more than "a mere disagreement" between the Plaintiff and the Defendants over the Plaintiff's proper medical care.

The Plaintiff responded to the Defendants' motion on July 20, 2015, arguing that the Defendants "ignored" the Plaintiff's head pain. In the Defendants' reply brief, which was filed on August 6, 2015, the Defendants reiterated the arguments put forward in their motion to dismiss, with particular emphasis on their contention that the plaintiff cannot prove that the Defendants acted with a subjective, sufficiently culpable state of mind. On August 14, 2015, the Plaintiff filed a surreply. Because the Plaintiff did not seek leave of court to file a surreply, the magistrate judge did not consider the surreply in making his recommendation to this Court.

The magistrate judge issued his report and recommendation on November 17, 2015. In the R&R, the magistrate judge recommended that this Court find that the Plaintiff's suit was filed within the applicable two-year statute of limitations, because the statute of limitations was tolled while the Plaintiff attempted to exhaust his administrative remedies, as required by the Prisoner Litigation Reform Act. As to the Defendants' argument that they are not proper defendants in this case because the Plaintiff has sued both of them in their "official capacities," the Magistrate Judge found that, in light of the Plaintiff's inconsistent approach, the Plaintiff's true intent was to bring his suit against Proctor in his

personal capacity and against Wexford as a state actor operating pursuant to an official corporate policy or custom. The magistrate judge then addressed the merits of the Plaintiff's deliberate indifference argument. First, the magistrate judge found that the Plaintiff alleged sufficient facts to satisfy the first prong of an Eighth Amendment deliberate indifferent analysis, in that the Plaintiff's alleged head, neck and shoulder injuries could objectively be seen as sufficiently serious injuries. But as to the second prong of the analysis, the magistrate judge concluded that the Plaintiff failed to demonstrate that the Defendants, subjectively, acted with deliberate indifference.

The Plaintiff timely filed his objections to the R&R on December 1, 2015, challenging only the magistrate judge's conclusion as to the second, subjective prong of the deliberate indifference analysis. The Defendants did not object to the R&R.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007). To that end, Federal Rule of Civil Procedure 8 announces a pleading standard which "does not require detailed factual allegations, but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A party is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, a court may consider the documents attached to a plaintiff's pleading, see Fed. R. Civ. P. 10(c), as well as those attached to a motion to dismiss, "so long as they are integral to the complaint and authentic," Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

### III. Discussion

Upon consideration, the Court sees no need to reject the magistrate judge's R&R in its entirety simply because three pages were mistakenly excluded during the electronic docketing of this case. While the magistrate judge did not have the opportunity to review

the missing pages when making his recommendation to this Court, each of the missing pages—page two of the complaint, page eight of the Plaintiff's medical services request exhibits and page eleven of the Plaintiff's grievance form exhibits—is relevant to only one issue addressed in the R&R: the subjective prong of the deliberate indifference analysis. Page two of the complaint addresses the jurisdiction and venue-related requirements of the Plaintiff's pleading, and also provides a one paragraph introduction of both the Plaintiff and Defendant Proctor. Aside from these innocuous paragraphs, page two contains a factual allegation pertinent to the Plaintiff's claim of deliberate indifference, as the Plaintiff alleges that, after his injury, "[n]o attempts at any diagnoses were ever made." The page that was missing from the Plaintiff's medical services request exhibits is relevant to the subjective prong of the deliberate indifference analysis, as is page eleven of the Plaintiff's grievance form exhibits. But neither page would have had any bearing on the magistrate judge's recommendation as to the Defendants' statute of limitations or "official capacity" arguments, and neither page could serve to lessen the apparent severity of the Plaintiff's alleged injury under prong one of the deliberate indifference analysis.

The only objections filed in this matter go to the merits of the Plaintiff's deliberate indifference claim. What is more, the magistrate judge's specific recommendations as to each of the other issues in the R&R favored the Plaintiff, thereby relieving any concerns of prejudice as to those portions of the R&R. Accordingly, while the Court cannot adopt the R&R in full, the Court **DECLINES TO ADOPT** only the portion of the R&R in which the magistrate judge addressed the second, subjective prong of the Eighth Amendment deliberate indifference claim. The Court has carefully scrutinized the remainder of the R&R, to which no objections were filed by either party, and finds that any errors contained

in the remaining portions were harmless.  The magistrate judge's legal reasoning produced proper and necessary results as to the Defendants' statute of limitations and "official capacity" arguments.[4]

Turning to the crux of the Plaintiff's claim of deliberate indifference, the Court finds that the Plaintiff has failed to allege facts sufficient to establish that the Defendants were subjectively deliberately indifferent to the Plaintiff's serious injuries or medical needs.

---

[4] The magistrate judge apparently considered construing the Plaintiff's complaint strictly and dismissing the complaint pursuant to Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), wherein the Supreme Court held that a state and state officials acting in their official capacities are not "persons" under 42 U.S.C. § 1983.  The magistrate judge concluded, however, that "a fair reading of the entire complaint suggests that Plaintiff has actually stated a claim against Proctor in his personal capacity," and against Wexford as a state actor operating pursuant to an official corporate policy or custom, see Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (holding that a private corporation, when operating as a state actor, "is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights").

While it is preferable for a plaintiff to plead capacity specifically, Hafer v. Melo, 502 U.S. 21, 24 n.* (1991), a plaintiff is not required to "plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983," Biggs v. Meadows, 66 F.3d 56, 60 (4th Cir. 1995).  When a plaintiff does not allege capacity specifically, a court must "examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity."  Biggs, 66 F.3d at 61.  In Biggs, the United States Court of Appeals for the Fourth Circuit provided a series of factors for use in determining whether, when a plaintiff does not allege capacity specifically, a state official has been sued in a personal or official capacity.  Id.  The "underlying inquiry" is always "whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly."  Id.

Here, the Plaintiff explicitly stated that he was suing the Defendants in their official capacity.  In his complaint, the Plaintiff draws a connection from Proctor's employment with Wexford to Wexford's contractual relationship with the State of West Virginia, in an effort to demonstrate that Proctor and Wexford are state actors, if not state officials.  As master of his complaint, a plaintiff who is not proceeding *pro se*, but rather, like the Plaintiff in this case, is represented by counsel, "is not owed the solicitousness that is accorded to *pro se* plaintiffs."  See Baxter v. City of Newport News, No. CIVA 4:06CV1, 2006 WL 1720682, at *1 n.2 (E.D. Va. June 19, 2006) (citing Beaudett v. Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985)).  Accordingly, the Court concurs with the magistrate judge in finding that the Plaintiff's complaint could be construed strictly and thereby dismissed because the Plaintiff has, at least in form, alleged that state officials violated his rights while acting in their official capacities.  However, the magistrate judge's recommendation holds true to the principle articulated in Biggs, inasmuch as the magistrate judge attempted to ascertain the Plaintiff's true intent.  66 F.3d at 61.  Other allegations and arguments contained in the Plaintiff's complaint and in his response to the Defendants' motion to dismiss demonstrate that the Plaintiff's intent was to sue Proctor in his personal capacity and to sue Wexford as a private company operating pursuant to an official corporate policy or custom.  Of particular note, the Plaintiff captioned his complaint, "complaint for monetary damages as relief."  Construing the Plaintiff's suit as one brought against the Defendants in their official capacities would render the Plaintiff's allegations and arguments "illogical and futile," as compensatory and monetary damages are unavailable in official capacity suits.  Id.

Accordingly, while the Court declines to adopt the R&R in full, the Court reaches the same conclusion as the magistrate judge and **GRANTS** the Defendants' motion.

The Eighth Amendment to the Constitution forbids more than just "physically barbarous punishments"—it extends to "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society[,] or which involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (internal quotation marks and citations omitted). Deliberate indifference to a prisoner's serious medical needs constitutes the type of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Id. at 104 (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell and Stevens, JJ)). But not every "claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. To state a claim under the Eighth Amendment for deliberate indifference to medical needs, a plaintiff must plead facts sufficient to show that (1) objectively, a deprivation of medical care was "sufficiently serious," and (2) subjectively, prison officials were deliberately indifferent to the plaintiff's serious medical needs "with a sufficiently culpable state of mind." See Wilson v. Seiter, 501 U.S. 294, 296-98 (1991).

As concerns the objective component, a serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted) (citing Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). Here, the objective component of the deliberate indifference analysis is not in dispute—the Defendants acknowledge that a head

injury like the one alleged by the Plaintiff could be a sufficiently serious medical need. Taking the Plaintiff's allegations as true, the magistrate judge found that the Plaintiff's alleged head, neck and shoulder injuries could satisfy the first prong of the deliberate indifference analysis. This Court finds the same.

Turning to the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). A finding of deliberate indifference requires more than a showing of mere negligence. Farmer, 511 U.S. at 835; see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. When a plaintiff's allegations are sufficient to demonstrate a disagreement between an inmate and a physician over the inmate's proper medical care, but the plaintiff does not allege the exceptional circumstances required for a finding of liability under 42 U.S.C. § 1983, dismissal is appropriate. See Wright v. Collins, 766 F.2d

841, 849 (4th Cir. 1985); see also Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").

In considering the Defendants' motion to dismiss, the Court accepts as true all well-pleaded allegations contained in the Plaintiff's complaint and views the complaint in the light most favorable to the Plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). Even under this standard, the Court finds that the Plaintiff has failed to a state a claim upon which relief can be granted.

The facts alleged in the Plaintiff's complaint, viewed together with the exhibits attached thereto, demonstrate the type of "[d]isagreements between an inmate and a physician over the inmate's proper medical care" that fail to state a 42 U.S.C. § 1983 claim. Wright, 766 F.2d at 849. Although the Plaintiff alleges that "[n]o attempts at any diagnoses" of his head injury were made; that "[n]o treatment, except for Tylenol" was given; and that Proctor and Wexford failed to respond to his requests for medical treatment, these allegations comprise the type of "bare assertions devoid of further factual enhancement" that "fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678). As the Plaintiff himself alleges, he made numerous visits to the Huttonsville medical facility. He was seen by Proctor on multiple occasions, was given an x-ray which showed no damage and was given a shot in his right shoulder. On the day he fell, the wound on the Plaintiff's head was treated with Steri-Strips and he was given a dose of Tylenol, which has since been refilled. While the exhibits attached to the Plaintiff's complaint tell the story of an inmate dissatisfied with his course of treatment, actively seeking more advanced

treatment such as an MRI or a CT-scan, the Plaintiff now argues that his deliberate indifference claim is based solely on the fact "that he had pain, pain, pain." Again, these averments are devoid of further factual enhancement and are contradicted by the Plaintiff's other allegations and the information found in his exhibits. The Court cannot ignore, and the Plaintiff cannot deny, that the Plaintiff was seen by medical personnel who administered a course of treatment. Allegations of a disagreement over a proposed course of treatment, such as occurs when an inmate requests an MRI and a doctor determines that an MRI is unnecessary, are insufficient to state a claim upon which relief can be granted under the Eighth Amendment. See Wright, 766 F.2d at 849; Daye v. Proctor, No. 1:13CV227, 2015 WL 1021560, at *4 (N.D. W. Va. Mar. 4, 2015).

The Plaintiff's own exhibits demonstrate that he was seen by Huttonsville medical staff, including Defendant Proctor, on multiple occasions. Of the nine medical services request forms the Plaintiff submitted as exhibits to his complaint, eight pertain to the Plaintiff's request for an MRI, a chiropractor or a CT-scan. The lone form that does not, which was submitted on July 2, 2014, states: "Would like to see the Doc. about my right shoulder. Have al[]ready seen P.A. [physician assistant]." In response to that request, a staff member wrote: "Scheduled to see Dr. Proctor." Soon thereafter, on July 14, 2014, the Plaintiff submitted another request form, writing, "I have requested an MRI for my head and right shoulder. I have seen P.A. and Doctor Proctor, still no answer." The next day, a staff member responded: "Answer = No MRI needed." In an attachment to a grievance form dated August 11, 2014—which was subsequently filed as an exhibit to the Plaintiff's complaint in this case—the Plaintiff wrote, "On 7/14/14, I sent medical service request stating I have sene [sic] P.A. and Doctor Proctor on MRI. Still no answers. On 7/15/14

medical service request came back. Answer = No MRI needed." The visits with medical personnel that the Plaintiff references in the exhibits to his complaint are in addition to the numerous other visits referenced in his complaint.

Accordingly, as the Plaintiff's complaint and the exhibits attached thereto show that the Plaintiff was seen by medical personnel on many occasions, was offered the treatment that medical personnel deemed appropriate and was seeking a specific type of treatment deemed unnecessary by Proctor and other staff, the Plaintiff has failed to state a claim of deliberate indifference to serious medical needs. See Guadarrama v. Puisis, No. 10-1180, 2010 WL 2859084, at *1 (C.D. Ill. July 19, 2010) (dismissing a plaintiff's 42 U.S.C. § 1983 complaint against prison medical personnel—wherein the plaintiff alleged that he requested an MRI and a visit with a chiropractor but was instead provided only pain medication—because "[t]he plaintiff's own attachments demonstrate that he did not fracture his shoulder and disagreement with the course of his medical treatment does not state an Eighth Amendment claim"). The Plaintiff's complaint does not contain any allegations of exceptional circumstances and, therefore, the Plaintiff has failed to allege facts sufficient to meet the deliberate indifference standard required for 42 U.S.C. § 1983 liability. See Wright, 766 F.2d 849.

## IV. Conclusion

Accordingly, the Plaintiff's Objections [ECF No. 16] to the Report and Recommendation are **OVERRULED**. It is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 15] should be, and is, for the reasons more fully-stated above, **ORDERED ADOPTED IN PART**. The Court **ORDERS** that the

Defendants' Motion to Dismiss [ECF No. 9] is **GRANTED** and the Plaintiff's Complaint [ECF No. 1] is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendants, pursuant to Federal Rule of Civil Procedure 58.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 14, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE